1  Andrea W. S. Paris, Bar No. 252621
    *ap@andreaparislaw.com*
2  ANDREA PARIS LAW, PC
   23 Corporate Plaza, Suite 150
3  Newport Beach, CA 92660
   Telephone:  (949) 529-0007
4  Facsimile:   (888) 751-7660

5  Attorneys for Defendant, AIRTONOMY,
   INC.

6

7

8                UNITED STATES DISTRICT COURT

9   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  L. BARRIOS, an individual,              Case No.

12           Plaintiff,
                                            [State Case No. CGC-21-594924]
13       vs.

14  AIRTONOMY, INC., a North Dakota         **DECLARATION OF ANDREA W. S.**
15  Company; and DOES 1-15, inclusive,      **PARIS IN SUPPORT OF**
                                            **DEFENDANT'S NOTICE OF**
16           Defendants.                    **REMOVAL OF ACTION**
                                            **PURSUANT TO 28 U.S.C. §§ 1332,**
17                                          **1441, AND 1446 (DIVERSITY**
                                            **JURISDICTION)**
18
                                            *(Filed concurrently with Notice of*
19                                          *Removal; Declaration of James Higgins*
                                            *in Support of Notice of Removal;*
20                                          *Corporate Disclosure Statement; Civil*
                                            *Case Cover Sheet)*
21
                                            Complaint Filed: August 30,2021
22
                                            Trial Date:      None Set
23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

---

DECLARATION OF ANDREA W. S. PARIS IN SUPPORT OF DEFENDANT'S NOTICE OF
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY

# <u>DECLARATION OF ANDREA W. S PARIS</u>

I, Andrea W. S. Paris, hereby declare as follows:

1.      I am an attorney admitted to practice in the State of California. I am the owner of Andrea Paris Law, PC, counsel of record for Defendant Airtonomy, Inc.. ("Defendant" or "Airtonomy") in this litigation. Unless otherwise noted, the following is based on my personal knowledge. If called as a witness, I could and would competently testify to the facts contained herein. I submit this declaration support of Defendant's Notice of Removal of Civil Action.

2.      Defendant was served in this action on September 28, 2021. A true and correct copy of Plaintiff's Complaint in this action, filed on August 30, 2021, is attached hereto as **Exhibit A**. True and correct copies of the Summons, Civil Case Cover Sheet, Notice and Acknowledgement of Receipt, Notice of Change of Address, and Notice of Case Management Conference are attached hereto as **Exhibit A**.

3.      A true and correct copy of Defendant's Answer to the Complaint, filed on October 26, 2021, is attached hereto and incorporated herein by reference as **Exhibit B**. True and correct copies of the e-filing delivery confirmation of Defendant's Answer and electronic service of the Answer on Plaintiff's counsel on October 26, 2021, are also attached hereto as **Exhibit B.**

4.      Prior to the filing of Defendant's Notice of Removal, my office reviewed the San Francisco County Superior Court's online docket regarding the above-captioned action. Based on our review of the docket, and to the best of my knowledge, the Complaint and the other related documents contained in Exhibit A and the Answer to the Complaint attached as Exhibit B to this Declaration constitute all process, pleadings, orders, and other documents received by Defendant and/or on file in the state court action in San Francisco County Superior Court.

DECLARATION OF ANDREA W. S. PARIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY

1       I declare under penalty of perjury and under the laws of the United States and

2   California that the foregoing is true and correct to the best of my knowledge and

3   belief.

4       Executed this on October 27, 2021, at Dana Point, California.

5

6   _____

7       Andrea W. S .Paris

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

SAMI SEDGHANI, SBN 280437
**SYNERGIST LAW, P.C.**
One Sansome Street, Suite 3500-11
San Francisco, CA 94104
Tel: (415) 326-3708
Email: sami@synergistlaw.com

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**08/30/2021**
**Clerk of the Court**
BY: JACKIE LAPREVOTTE
Deputy Clerk

Attorneys for Plaintiff,
L. BARRIOS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| L. BARRIOS, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>AIRTONOMY, INC., a North Dakota Company; and DOES 1-15, inclusive.<br><br>            Defendants. | Case No.: **CGC-21-594924**<br><br>(UNLIMITED CIVIL ACTION)<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. FAILURE TO PAY WAGES, VIOLATION OF LABOR CODE §204<br>2. FAILURE TO PAY ALL WAGES AT TIME OF DISCHARGE IN VIOLATIONS OF LABOR CODE §§ 201 AND 203<br>3. BREACH OF CONTRACT<br>4. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>5. INTENTIONAL MISREPRESENTATION / NEGLIGENT MISREPRESENTATION<br>6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>7. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>8. UNFAIR COMPETITION BUS. & PROF. C. §17200<br>9. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY |

**COMPLAINT FOR DAMAGES**

Comes now Plaintiff ("Plaintiff" aka "Dr. Barrios" or "L. Barrios"), who through his attorney of record, hereby files this Complaint and alleges as follows:

### PARTIES

1.    Plaintiff L. Barrios is and at all times was an adult male resident of California and formerly employed by Defendant Airtonomy Inc. in the State of California.

2.    Plaintiff is informed and believes and on that basis alleges that Defendant Airtonomy Inc. ("Airtonomy") is a North Dakota company.

3.    Plaintiff is informed and believes and on that basis alleges that Airtonomy is a software company using Artificial Intelligence to enable autonomous capture, analysis, and integration of critical infrastructure data.

4.    On information and belief, Airtonomy was founded by Joshua M. Reidy in March of 2019 and has a mailing address of 4201 James Ray Drive, Grand Forks, ND, 58202.

5.    Plaintiff is informed and believes that Airtonomy has numerous places of business and at least 15 employees including several employees in the State of California.

6.    On information and belief, Airtonomy has a special partnership with other companies in California.

7.    On information and belief, Airtonomy's executives routinely fly to Palo Alto and Burbank California to conduct business with the drone team of their business associates.

8.    The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise, of DOES 1 through 15, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff.

9.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE was, and is, in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

**COMPLAINT FOR DAMAGES**

10.     Collectively, Airtonomy, and DOES 1 through 15 inclusive shall hereinafter be referred to as "Defendants" or "All Defendants."

11.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each defendant herein was the agent, servant, licensee, employee, assistant, consultant, or alter ego, of each of the remaining defendants, and was at all times herein mentioned acting within the course and scope of said relationship when Plaintiff was harmed as set forth herein.

12.     Plaintiff is further informed and believes and thereon alleges, that at all times herein mentioned, each business, public entity or corporate employer, through its officers, directors, supervisors and managing agents, and each individual defendant had advance knowledge of the wrongful conduct and allowed said wrongful conduct to occur.

13.     Defendants are additionally liable for the acts of each other through principles of *respondeat superior*, agency, ostensible agency, partnership, alter-ego, and other forms of vicarious liability.

## JURISDICTION AND VENUE

14.     The San Francisco Superior Court has jurisdiction over Airtonomy because it is a corporation that has routine and continuous contact with the State of California by virtue of the fact that it advertises its services in this State, it recruits and employs individuals in this State and conducts business with its customers and business associates in this state.

15.     According to California's LLC Act, a foreign company is required to register with the state of California if they are "transacting business" in California including having employees in the State.

16.     Even though Airtonomy has several employees in the state and conducts business in this State, it has failed to register with the Secretary of State or pay any taxes owed to the State in violation of California Corporations Code §§2105 and 2203 et seq.   As stated in §2203(a) "Any foreign corporation which transacts intrastate business and which does not hold a valid certificate from the Secretary of State may be subject to a penalty of twenty dollars ($20) for each day that unauthorized intrastate business is transacted;  and

the foreign corporation, by transacting unauthorized intrastate business, **shall be deemed to consent to the jurisdiction of the courts of California in any civil action arising in this state in which the corporation is named a party defendant**." (emphasis supplied).

17.     Plaintiff is informed and believes that Defendants implemented a scheme to evade responsibilities for the wages, taxes and other obligations under the California Labor Code.

18.     Airtonomy intentionally avails itself of the benefits and protections of California law such that the exercise of jurisdiction over it by the California courts is consistent with traditional notions of fair play and substantial justice.

19.     Venue is proper in this Court pursuant to California Code of Civil Procedure §395(a) in that none of the Defendants reside in California and Plaintiff has designated the superior court of San Francisco as the county to try this case.

## FACTUAL OVERVIEW OF ALLEGATIONS

20.     Airtonomy's core business involves developing automated software that can aid in the uniform collection, packaging and analysis of data acquired by autonomous vehicles and sensors, specifically targeting critical energy infrastructure.

21.     Plaintiff is an expert specializing in robotics with a P.h.D. in Computer Science from the University of Southern California.  Plaintiff also has a master of science from San Diego State University specializing in Intelligent Systems and Robotics.  He obtained his bachelor of science in Physics and electrical engineering from the University of California San Diego.

22.     During his career, he had developed specialized techniques in Artificial Intelligence and sensing and planning in the field of robotics. Plaintiff had previously worked on cutting-edge technology for some of the world's elite institutions and companies.

23.     As an expert in the field, Plaintiff has published numerous peer-reviewed articles related to advanced robotics and has a reputation of specialized expertise in the field.

**COMPLAINT FOR DAMAGES**

24.     In recognition of his expertise, Plaintiff has taught several upper-division courses at the university level.

25.     As a startup, Airtonomy needed to hire someone with expertise in developing a stable, reliable, software to enable inspections of critical energy infrastructure such as wind turbines.

26.     To that end Airtonomy was actively recruiting individuals to join the company with various incentives in the form of cash and stock equity bonuses in order to be competitive for the talent they needed.

27.     On or about March 30, 2020, Dr. Barrios and Airtonomy's founder and CEO (Mr. Riedy) were engaged in discussions related to the recruitment of Dr. Barrios as one of the early employees at Airtonomy.

28.     Airtonomy was looking for someone with expertise to develop point cloud processing for coordinated flight algorithm ensuring obstacle avoidance, guidance and precise Geo-tagging of turbine blades.

29.     During these conversations both by phone and by email, Airtonomy and its CEO made several representations about the company, its finances and its valuation as well as the future of the company and the potential market for the technology they were looking to develop.

30.     As a startup company, Airtonomy did not have the cash on hand to offer a competitive cash salary and instead made their offer competitive by asking Plaintiff to take an initial pay cut in exchange for a higher upfront equity stake and subsequent bonuses for achieving milestones with the company.

31.     During these conversations, Mr. Riedy guaranteed in writing that Dr. Barrios' compensation for the year would include a base of $160,000 exclusive of any equity grants which would be "second only to the founders."

32.     In order to attract Dr. Barrios to join Airtonomy, Mr. Riedy stressed the "importance of [Dr. Barrios] joining the Airtonomy team as a ***vital member and leader***."

Mr. Riedy further indicated that the role promised "far more than traditional compensation" in the form of equity grants.

33.     Airtonomy furthermore, "guaranteed" Dr. Barrios a $160,000 cash compensation for the year in addition to substantial equity and 20% of Base Salary dedicated to other Benefits.

34.     During their negotiations, Dr. Barrios explicitly asked for the value of the equity stake and indicated that it "was one of the reasons I accepted my bottom line of $160k."

35.     Individuals with the expertise exhibited by Dr. Barrios typically earn a guaranteed salary several times higher than that agreed to here instead of shares at more established companies.

36.     In order for Airtonomy to be able to compete with the market salary for experts such as Dr. Barrios, they promised a higher potential upside in the form of equity grants to align employee incentives and make up the difference in the substantial pay cut offered to employees.

37.     During the hiring negotiations, Mr. Riedy assured Dr. Barrios that "You would be placed into the **higher tier** with the ability to earn **twice the midpoint** with exemplary performance. Based upon that methodology the effective range you can anticipate is 1-3%. As you may notice, I'm not speaking in shares, rather percentages, **second in amount only to founders**."

38.     Mr. Riedy then provided Dr. Barrios with the alleged financials of the company and indicated that "at present, **upon close of initial contracts our estimated valuation is $20M**." Mr. Reidy's affirmation was based on his proprietary knowledge of the company's finances and the funding of the company through early financing.  His knowledge was thus unquestioned by Dr. Barrios as Mr. Reidy was not only the founder but also the chief executive of the company.

39.     Mr. Riedy further indicated that "if Airtonomy is as successful as we believe it will be, **compensation will never be an issue**. I want to share prosperity to you and others. We

simply want to take the startup path less traveled, one that will ultimately benefit everyone, even if it means we operate on less in the beginning."

40.     Mr. Riedy was trying to entice Dr. Barrios to take a severe cash pay cut to join their startup in the hopes that his equity grants would make up for his sacrifice in upfront pay.

41.     Unbeknownst to Plaintiff, Mr. Riedy's representations regarding the value of the company and his promises to reward Plaintiff's hard work and contribution were materially false.  Mr. Riedy made these material false representations to Dr. Barrios with the hopes of inducing him to join their company in order to extract his valuable expertise in the field while denying him the value of the bargain.

42.     Ultimately, Dr. Barrios relied on the representations of Mr. Riedy and the parties signed a formal employment agreement on April 8, 2020. (Attached as Ex. B)

43.     Dr. Barrios entered into a contract of employment dated April 8, 2020, under which Dr. Barrios was offered a full-time position as the Autonomous Systems Architect at Airtonomy with a mutually agreed upon May 2020 start date.

44.     Under the terms of the contract, Airtonomy agreed that it would pay Dr. Barrios $100,000 to be paid on a monthly basis by ACH as well as a 20% benefit pool (base salary), 4 bonuses ($15,000 payable in 1st, 2nd, 7th and 8th pay period), and most importantly equity in the range of 1-3%.  See Ex. B.

45.     Mr. Reidy had structured the $160,000 salary as $100,000 to be paid bimonthly in addition to 4 equal payments of $15,000. Importantly, the four payments of $15,000 were non-discretionary and were contractually required to be paid commencing with the first pay period and ending with the 8th pay period.

46.     Even though Defendants were contractually obligated, they failed to pay the payments which were due with the 7th and 8th pay periods (September 1, 2020, and September 15, 2020 respectively).

47.     When Plaintiff inquired as to the delay, Defendants indicated that payment would be forthcoming and that they were having cash flow problems which would be resolved once the next customer contract was executed.

48.     Dr. Barrios never consented to a delay nor in any way agreed to make compensation that was already past due.

49.     Even after failing to pay him the agreed wages, Airtonomy continued to exhaust Dr. Barrios's efforts in the completion of critical projects for the company.

50.     On or about January 17, 2021 company executives including Mr. Riedy gave a presentation to several employees including Dr. Barrios regarding the importance of their work and how it translated into the value of their equity shares stating that they could be worth anywhere between 2-5 million dollars.

51.     The presentation highlighted specific aspects of Employee Stock Options and the total amount of stock that would be dedicated to the employees for vesting.

52.     During this meeting, Airtonomy represented that the company was valued at nearly $50 million by year 2021 and projected $100 million by 2022.

53.     Mr. Riedy's statements induced Dr. Barrios to make numerous sacrifices in his personal life including long-term travel and an exhaustive schedule to ensure the success of the project on the promise that there would be a greater payoff in the end with the success of the project.

54.     Dr. Barrios understood that the timeliness of the project delivery would signify great returns to the employees in the form of a higher valuation of the company and their respective shares.

55.     During this time Dr. Barrios was implementing a critical aspect of the software which would enable an autonomous drone to accurately map and track wind turbine blades.  Prior to Dr. Barrios' involvement Airtonomy was plagued with repeated failures and was unable to accomplish this task without his involvement.

56.     Working tirelessly, Dr. Barrios developed a breakthrough algorithm that allowed the drone to inspect all sides of each blade while safely and accurately navigating around the entire turbine.

57.     To accomplish this, Dr. Barrios had been working for several months to develop the technology. During this time he made several key breakthroughs that were previously unknown in the art that continue to provide tremendous value to the company and Defendants.  Without Dr. Barrios' contribution, the drones would not be able to function making them essentially useless for the tasks they were developed for.

58.     The algorithm created by Dr. Barrios is extremely fast, efficient and very accurate, qualities which are essential for the successful deployment of drones in the field.  Indeed, his contributions turned out to be the heartbeat of the Wind Inspection Routine employed by Airtonomy.

59.     Without Dr. Barrios' breakthrough developments, the project delivery to Airtonomy's customer would not have been possible.

60.     In the hopes that Airtonomy would cure its breach, Dr. Barrios believed Mr. Reidy's representation that payment would be forthcoming but unbeknownst to him, Airtonomy never intended to carry out on its obligation and continued to stonewall Dr. Barrios regarding the outstanding amount due even after the project was successfully delivered to the customer.

61.     Upon information and belief, the rough estimate of the monetary value of the work developed by Dr. Barrios is conservatively in the several million dollar range.

62.     After Dr. Barrios worked tirelessly to achieve great success for the company and helped develop most of the companies' valuable intellectual property and deliverables, Airtonomy wrongfully and in bad faith abruptly terminated his employment as of April 16, 2021 roughly 1 year after he had started working with the company.

63.     Not only was Airtonomy's actions in bad faith and illegal under California law, but the termination was also without any prior notice whatsoever, to destroy his employment status and to minimize the value of his future equity and the further goal of

achieving a position of unconscionable advantage to compel him to compromise his rights under his employment contract.

64.     Based on his employment contract and the value of his contribution, Plaintiff fully expected to receive at least 3% equity in the company in the first year with the option of acquiring more stock options in the future years.

65.     Airtonomy further knew of Dr. Barrios' pending paternity leave commencing with the birth of his child and used this knowledge to gain an unfair advantage over him, to deny him his accrued paternity leave in contravention of federal and state laws and deny him his accrued vacation time and to hold him under duress to avoid paying him his back wages and equity stake. To date, Airtonomy has willfully withheld wages of at least $30,000 and failed to pay him the liquidated value of his 3% of the equity in the company worth an additional $1.5 million based on the $50 million valuation of the company at the time of Plaintiff's discharge.  Because Defendants failed to provide the amounts owed when due, they are further subject to interests and penalties on the unpaid amounts.

66.     Because Defendants failed to pay the substantial majority of the contracted amount, Plaintiff is entitled to rescind the contract and seek restitution based on the value of the IP contributed.

67.     Considering (a) the size of the business of Airtonomy, (b) the experience, knowledge and competency of Dr. Barrios with respect of the affairs of Airtonomy and its customers, (c) the value to Airtonomy of the right to call upon Dr. Barrios for the services provided for in his employment, (d) the compensation received by executives at competitor companies for services similar to that provided by Dr. Barrios and (e) all the other circumstances existing at the time of the execution of the employment agreement and the termination, Airtonomy further owes Dr. Barrios at a minimum $4 million for the valuable IP contributed by Dr. Barrios which Defendants have misappropriated.

68.     Without the valuable contributions of Dr. Barrios, the company would not have been able to obtain the lucrative contracts that the company now enjoys.  Airtonomy did

not pay for the work product and trade secrets developed by Dr. Barrios and they continue to derive millions of dollars from his work.

69.     Dr. Barrios performed all of his obligations up to his termination, under the employment agreement and rendered numerous services thereunder of substantial value to Airtonomy.

70.     It is clear that the equity grant under the employment agreement was the true consideration offered in exchange for Dr. Barrios's involvement with Airtonomy a fact that Airtonomy recently reminded all employees when there was a potential buyout of the company.  Given the fact that Airtonomy never paid for the Intellectual Property created by Dr. Barrios and has not paid any royalty for the use of the IP, Dr. Barrios is owed the greater of the value owed to him under his employment contract or the value of the IP conferred.

71.     The equity grant of the nature here granted to Dr. Barrios not only served as an added reward for valuable service to be rendered but encourage increased effort on the part of the employee to achieve added profits and consequently achieve a higher market value of the corporate stock.

72.     As exemplified herein, Dr. Barrios' contributions catapulted the company from certain failure to landing a multimillion-dollar deal culminating a year of Dr. Barrios' tireless efforts.  Almost all of Dr. Barrios' life during the last year of his employment had been in the service of Airtonomy. Under his equity grant, Airtonomy had promised him that he would profit from Airtonomy's present and future successes.

73.     As demonstrated by the facts, Airtonomy's breach was to put Dr. Barrios in a position of disadvantage and detriment by limiting him, in the enforcement of his rights, to the recovery of his back wages and equity stake.

74.     At the time of such breach, Airtonomy willfully intended by such breach to deprive him of, or to destroy, his expected return under the employment agreement and put themselves in an unconscionable position of advantage over him to compel him to accede to a mere cents on the dollar in derogation of his rights.

75.    Dr. Barrios is thus entitled to a sum equaling the market value of his equity shares had he not been terminated from the company or in the alternative rescind the contract and seek restitution for the full value of the work provided including retaining ownership over the work product and seek royalties for all misappropriation of his work product that the company never paid for.

76.    Airtonomy cannot, by their own wrongful act, deprive Dr. Barrios of that which he had bargained for: the opportunity to share in the successes of Airtonomy over a specified period of time.

77.    To the extent that Airtonomy now claims that the value of Dr. Barrios' equity shares cannot be exactly determined, the law only requires that the best evidence be adduced of which the nature of the case is capable and the defendant whose wrongful act gave rise to the injury will not be heard to complain that the amount thereof cannot be determined with mathematical precision. ..." See Martin v. Town & Country Dev., Inc., 230 Cal. App. 2d 422, 429. "One whose wrongful conduct has rendered difficult the ascertainment of the damages cannot escape liability because the damages could not be measured with exactness." Zinn v. Ex-Cell-O Corp., 24 Cal. 2d 290, 297-298.

78.    As a result of Airtonomy's wrongful acts, Dr. Barrios has suffered significant damages including emotional distress, monetary losses, wage loss, back wages, loss of benefits, loss of seniority, harm to his professional reputation, attorneys' fees, and costs.

79.    Plaintiff has also suffered general and consequential damages in excess of $4 million.

80.    Defendants have also been unjustly enriched by the misappropriation of Plaintiff's intellectual property and work product which they failed to pay for.  The value of the work product conferred by Plaintiff greatly contributed to the valuation of the company which Defendants claimed was near $50 million as of 2021.  Accordingly in the one year since Plaintiff joined Airtonomy he increased the value of the company by more than $30 million by Defendants' own estimation.

**FIRST CAUSE OF ACTION**

**(FAILURE TO PAY WAGES, VIOLATION OF LABOR CODE §204)**

81.    The preceding paragraphs of this Complaint are incorporated by reference.

82.    Labor Code section 204 provides in part that "all wages, ..., earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

83.    Plaintiff was not paid all earned wages, bonuses and equity on regularly established paydays.

84.    In violation of Labor Code section 204, Defendants knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned from April 20, 2020 through the present.

85.    Pursuant to Labor Code section 210, Plaintiff is entitled to recover a penalty of $100.00 for the initial failure to timely pay the wages earned, and $200.00 for each subsequent failure the wages earned; in addition, pursuant to section 210, for each subsequent failure to pay in compliance with Labor Code section 204, plaintiff is entitled to recover an additional amount equal to 25% of the unlawfully withheld wages.

86.    Plaintiff was owed at least $30,000 in unpaid wages which were due by no later than the 8th pay period.

87.    As a direct and proximate result of Defendants' conduct in violation of Labor Code section 204 as alleged above, Plaintiff has suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their damage in amounts according to proof at trial.

**SECOND CAUSE OF ACTION**

**(FAILURE TO PAY ALL WAGES AT TIME OF DISCHARGE IN VIOLATIONS OF LABOR CODE §§201 AND 203)**

88.    The preceding paragraphs of this Complaint are incorporated by reference.

89.    Labor Code section 201 provides "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

90.     On April 16, 2021, Defendants terminated Dr. Barrios' employment even though during the tenure of his employment he was not paid all wages earned by virtue of Defendants' malicious and willful practice of not compensating employees.  Defendants failed and refused to provide Plaintiff's back wages owed and refused and continue to pay the earned wage due Dr. Barrios.  Additionally, Defendants have failed to pay wages owed to Dr. Barrios for his unused or accumulated vacation, annual leave, holiday leave, sick leave and paternity leave to which he was otherwise entitled to before his wrongful termination.

91.     Defendants knowingly and willfully violated the laws, regulations and orders governing the wages of Plaintiff as described in the causes of action above.

92.     Pursuant to Labor Code §203, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

93.     Dr. Barrios is further entitled to recover a penalty equivalent to 30 days of his wages as a result of Airtonomy's willful failure to pay the amounts unequivocally owed to him under his employment agreement.

### THIRD CAUSE OF ACTION

### (BREACH OF CONTRACT)

94.     The preceding paragraphs of this Complaint are incorporated by reference.

95.     Plaintiff and Defendants entered into an employment contract on April 8, 2020.

96.     The contract terms were clear enough that the parties could understand what each was required to do and the parties agreed to the terms of the contract.

97.     As part of the agreement, Plaintiff performed all of the significant acts that the contract required him to do.

---

**14**
**COMPLAINT FOR DAMAGES**

98.     Defendants failed to provide the agreed upon compensation and wrongfully discharged Plaintiff and continued to use his valuable work product to their benefit.

99.     Defendants did not compensate Plaintiff for the work product and continue to derive profits even today.

100.    Plaintiff was denied payment and deprived of his accrued PTO, and paternity leave.

101.    Defendants' breach of contract was a substantial factor in causing Plaintiff's harm.

102.    "When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract. 'A material breach of one aspect of a contract generally constitutes a material breach of the whole contract.' " (Brown v. Grimes (2011) 192 Cal.App.4th 265, 277–278, internal citations omitted.)

103.    Given the Defendants' serious breach of the employment agreement in failing to provide the majority of Dr. Barrios' compensation, Plaintiff is entitled to rescission and restitution for the unjust enrichment based on the value of the work provided in the form of valuable IP, trade secrets, and other novel innovations.

104.    "In general, a person who has been unjustly enriched at the expense of another is required to make restitution to the other.' (Rest., Restitution, § 1.) 'In such cases, the defendant may be under a duty to give to the plaintiff the amount by which he has been enriched. " Unilogic, Inc. v. Burroughs Corp. (1992) 10 Cal.App.4th 612, 627–628.

105.    Defendants thus misappropriated Plaintiff's algorithm, his work product and his design to their own benefit and his detriment.  Defendants had made promises to Plaintiff that upon completion of his project he would be handsomely rewarded even though they had no intention to carry out with their promises and failed to even pay Plaintiff the wages that were owed to him for the work.

106.    Therefore, it is unjust for Defendants to retain ownership over the intellectual property and work product created by Plaintiff when they did not compensate him for it.

This work product arguably saved the company from failure and allowed them to gain market share in the field.

107.    Defendants also admit that they did not terminate Dr. Barrios due to any performance issues and even offered him a letter of "recommendation" upon his termination.  Defendants sole and nefarious motive was to misappropriate Dr. Barrios of his work product without having to pay him for it.

## FOURTH CAUSE OF ACTION

## (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

108.    The preceding paragraphs of this Complaint are incorporated by reference.

109.    "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." [] The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." (Carma Developers (Cal.), Inc. v. Marathon Development California, Inc. (1992) 2 Cal.4th 342, 371–372 [6 Cal.Rptr.2d 467, 826 P.2d 710], internal citations omitted.) This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

110.    Consistent with the terms of the contract and additional discussions of the Parties, Defendant had promised to offer additional stock option bonuses in addition to the equity grants Plaintiff was to receive for his performance.

111.    The parties had entered into a contract where Defendant had promised cash and equity and benefits in addition to performance bonuses in exchange for employment of Dr. Barrios and successful completion of the project he was working on.

112.    Even though Dr. Barrios went above and beyond all of his obligations to the employer and provided the company with a valuable work product that ultimately secured multimillion-dollar contracts with Airtonomy's customers, Defendants failed to adhere to their obligations, did not act fairly and in good faith of their promises and harmed Plaintiff by this conduct.

113.   By prematurely terminating Dr. Barrios' employment, Defendants frustrated the entire goal of the employment agreement which was to allow Dr. Barrios to share in the success of the company.

## FIFTH CAUSE OF ACTION

## (INTENTIONAL MISREPRESENTATION / NEGLIGENT MISREPRESENTATION)

114.   The preceding paragraphs of this Complaint are incorporated by reference.

115.   "The elements of fraud that will give rise to a tort action for deceit are: " '(a) misrepresentation (false representation, concealment, or nondisclosure); (b)knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' " (Engalla v. Permanente Medical Group, Inc. (1997) 15 Cal.4th 951, 974 [64 Cal.Rptr.2d 843, 938 P.2d 903], internal quotation marks omitted.)

116.   Here, Defendants made numerous false and or misleading representations with respect both to the valuation of the company, the potential worth of Plaintiff's equity and the ultimate bonus he would receive upon completion of the project.

117.   Defendants' misrepresentations about the valuation of the company were critical and material to the negotiation of the compensation for Plaintiff whereby he took a serious upfront pay cut in exchange for what he thought would be valuable equity stake in the company.

118.   Josh Reidy the CEO and founder of Airtonomy specifically communicated to Dr. Barrios that the value of his shares would be second only to the founders and that at present the company was valued at $20 million.  Mr. Reidy's representations were not about some future event but about the company's then present valuation.

119.   As CEO and founder of Airtonomy Mr. Reidy claimed to have special knowledge about the company finances that Plaintiff was not privity to.   Mr. Reidy made representation, not as a casual expression of belief, but in a way that declared the matter to be true based on supportive data.

120.     Unbeknownst to Plaintiff, Mr. Reidy had completely fabricated the valuation of the company either with the knowledge that it was false or with reckless disregard as to the truth with the intent of inducing the plaintiff to enter into an employment contract. " '[F]alse representations made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered." Yellow Creek Logging Corp. v. Dare (1963) 216 Cal.App.2d 50, 55 [30 Cal.Rptr. 629].)

121.     Josh Reidy and Defendants further promised additional incentive compensations in the form of stock options and other equity and bonus grants upon the successful completion of the project.

122.     Dr. Barrios reasonably relied on these misrepresentations when entering into the contract. The misrepresentation and further false promises made by Defendants substantially influenced Plaintiff to take the job at a severe upfront pay cut and further enticed to him to make many personal sacrifices by working tirelessly for the company to ensure the company's successful completion of the project for its customer thereby securing a lucrative multimillion-dollar contract.

123.     Plaintiff would probably not have agreed to the terms of the employment agreement without Defendants' material misrepresentations.

124.     Defendants through its agents and officers such as CEO Josh Reidy further made promises of additional incentive-based compensations that were false.

125.     Defendants did not intend to perform these promises when they made it and intended that the employees would rely on them so that they would work longer and harder in order to further enrich the company's founders.

126.     Upon completion of the project, not only did Defendants fail to fulfill their promised obligation but rather terminated Plaintiff without any advanced notice.

127.     Defendant's misrepresentation caused injury to the plaintiff in the form of monetary and consequential damages.

**COMPLAINT FOR DAMAGES**

128.    The fair market value that Plaintiff would have received if the representations made by Airtonomy's CEO had been true would have been in excess of $1.5 million based on an initial valuation of the company at $20 million and subsequent increase of the valuation at the time of Plaintiff's departure to be in excess of $50 million based on Plaintiff's contribution and Mr. Reidy's further representation to Plaintiff and his coworkers.

129.    Plaintiff is entitled to damages to which would provide him the benefit of the bargain.

## SIXTH CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

130.    The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

131.    "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.' " (Hughes v. Pair (2009) 46 Cal.4th 1035, 1050–1051 [95 Cal.Rptr.3d 636, 209 P.3d 963]).

132.    Defendants engaged in outrageous conduct towards Plaintiff so extreme that it went beyond all possible bounds of decency and that a reasonable person would regard as intolerable in a civilized community. Defendants engaged in such outrageous conduct towards Plaintiff with the intention to cause – or with reckless disregard for the probability of causing – Plaintiff to suffer severe emotional distress.

133.    For example, Defendants materially misrepresented the valuation of the company to entice Dr. Barrios to accept employment only to promise him future rewards with the

company's success knowing full well that they intended to terminate him and keep the gains for themselves.

134.   Defendants' conduct is particularly outrageous here because up until the moment of his discharge Defendants continued to tout the contribution of Dr. Barrios and continued to reassure him that a large payoff was insight with his completion of the project.  Dr. Barrios had made numerous personal sacrifices to deliver for the company including missing time with his pregnant wife and traveling on business during the heat of the pandemic.

135.   At all times Defendant used Plaintiff and assured him that his sacrifices would not be forgotten and that he would be handsomely rewarded when the project was complete.

136.   Dr. Barrios worked long hours, nights and weekends eventually leading to his quintessential breakthroughs for the project ultimately leading to a large contract. Only days after he had finished his work and right before he was due to take his paternity leave, Defendants notified him that he would be terminated almost immediately and that he would not be receiving any of the money owed to him including wages and equity he had already accrued.  They also tried to take advantage of his economic duress by forcing him to sign away his rights to the money he was owed.

137.   Defendants terminated Plaintiff at a time where he was expecting a new child and was due to take paternity but now was left to find a new employment in the middle of a worldwide pandemic.  The fact that Defendants callously ignored his requests for his unpaid wages and willfully withheld payments for his contribution while at the same time enjoyed the fruits of his labor, substantially distressed Plaintiff emotionally.

138.   As a result of Defendants' unconscionable acts, Plaintiff suffered humiliation amongst his peers and his community, was defamed publicly by Defendants and suffered the stigma of having been fired from his employment making it difficult for him to obtain new employment in the future.

139.   To make matters worse, Plaintiff recently found out that Defendants had tried to deny his claim for unemployment wages by manufacturing false and malicious stories

**COMPLAINT FOR DAMAGES**

about his work performance when before his discharge they were touting his work and even offered to write him a letter of recommendation.

140. Unbeknownst to Plaintiff, as part of their scheme to defraud Dr. Barrios of his entitled wages, they also tried to defraud him of the unemployment benefits that he had paid into by interfering with his application and trying to infer to the state agency that his termination was somehow his fault.

141. Upon information and belief, Plaintiff was not the only employee who was forced out or defrauded.

142. To the extent that such outrageous conduct was perpetrated by certain Defendants other than the CEO, the remaining Defendants adopted and ratified the conduct with a wanton and reckless disregard of the deleterious consequences to Plaintiff.

143. As a result of Defendants' reprehensible conduct of purposely lying to Plaintiff about his future at the company and defrauding him of his earned equity in the company and purposely misrepresenting the value of the company to entice Plaintiff to forgo other employment and join Airtonomy only to be abruptly discharged for no cause in order to deprive him of his earned equity and his earned wages, it caused him severe emotional harm and distress, where he lost weight, was unable to sleep and it affected his relationship with his wife and children.

144. As a direct and proximate result of the unlawful conduct of Defendants and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages in excess of $1 million to be proven at the time of trial.

145. Defendants' conduct described herein was undertaken, authorized and/or ratified by Defendants' officers Joshua Riedy and Nick Zaccardi, directors and/or managing agents. The aforementioned conduct of said officers, directors and/or managing agents and individuals was therefore undertaken on behalf of Defendants.

146. Defendants committed the acts alleged in this Complaint maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and

evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

147. Plaintiff hereby incorporates by reference the preceding causes of action and factual allegations.

148. Defendants abused a position of authority and relationship that gave them real power over Plaintiff and his interests.

149. Defendants knew or were indifferent to the fact that Plaintiff was particularly vulnerable to emotional distress caused by a sudden termination after he had poured his heart and soul into the project especially in view of the fact that he was expecting the birth of his child and his termination coincided to a time where he needed money to take care of his family.

150. Defendants knew that such callous and nefarious conduct would likely result in harm due to mental distress. Defendants gave little or no thought to the probable effects of their conduct.

151. As a result of Defendants actions, Plaintiff suffered emotional distress, anguish, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

152. Even now Defendants' continued nefarious intent to sabotage Plaintiffs unemployment benefits continues to cause severe emotional distress.

153. Airtonomy breached its duty of reasonable care, negligently inflicting emotional harm, and acted recklessly and in conscious disregard of the emotional toll its actions would take on its employee's mental health, especially during a global pandemic.

154. As a direct and legal result of Airtonomy's negligent infliction of emotional distress, Plaintiff has suffered damages, both economic and general, non-economic damages in excess of $1 million.

## EIGHTH CAUSE OF ACTION

### (UNFAIR COMPETITION BUS. & PROF. C. §17200)

155.   The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

156.   The injunctive and restitutionary relief are available remedies under the UCL, and are cumulative to remedies available under other state laws (e.g., damages under employment contract). [Herr v. Nestle U.S.A., Inc. (2003) 109 CA4th 779, 789, 135 CR2d 477, 484.

157.   As a result of their unlawful and unfair acts including failure to pay employees earned wages, engaging in fraudulent inducement to hire employees, failure to pay owed wages at the time of Plaintiff's separation, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff.

## NINTH CAUSE OF ACTION

### (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)

158.   The preceding paragraphs of this Complaint are re-alleged and incorporated by reference.

159.   California recognizes a common law claim for wrongful termination where the discharge is in violation of a fundamental public policy. These fundamental public policies are codified under, inter alia, California Government Code § 12945 .2, California Labor Code § 1102.5, Article I, Section 8 of the California Constitution, 29 U.S.C. § 2615, and 42 U.S.C. § 2000e.

160.   Defendants violated all these fundamental public policies in terminating Plaintiff's employment after he had provided valuable intellectual property and developed breakthroughs for the company's critical services.  By fraudulently inducing Plaintiff to accept equity in lieu of other monetary compensation based on an inflated value of the company and then abruptly terminating his employment without any cause after he developed the critical infrastructure of the company in order to deny him the full value of his equity shares, Defendants have engaged in unfair competition.

**COMPLAINT FOR DAMAGES**

161.   Plaintiff has suffered damages in the form of lost wages, seniority, back wages, forward wages, accrued benefits, harm to his reputation, emotional distress and other general damages to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against all Defendants as follows:

1. Award special damages to Plaintiff, including back pay, front pay, compensatory damages, and statutory damages, loss of opportunity, and loss of earning capacity, in an amount excess of $1.5 million or such greater amount as may be established according to proof at trial.

2. Award unjust enrichment damages for the value of the IP conferred to Defendants in the amount of no less than $4 million.

3. Award penalties available under applicable laws, including waiting time penalties in an amount not less than $30,000;

4. Award punitive damages in an amount sufficient to punish Defendants and deter future fraudulent behavior and intentional infliction of emotional distress;

5. Award costs and expenses, including reasonable attorneys' fees, costs, and expert fees;

6. Award general damages including but not limited to, past and future pain and suffering, in an amount in excess of the jurisdictional minimum, according to proof;

7. Award pre-judgment and post-judgment interest, as provided by law;

8. For such other and further relief as the Court may deem just and proper.

DATED:  August 30, 2021

**SYNERGIST LAW P.C.**

_____

Sami Sedghani, Esq.,

Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

1

## **JURY TRIAL DEMAND**

2

Plaintiff demands trial by jury of all issues so triable.

3

DATED:  August 30, 2021                                    **SYNERGIST LAW P.C.**

4

5

6

Sami Sedghani, Esq..

7

Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AIRTONOMY, INC., a North Dakota Company; and DOES 1-15, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
L. Barrios

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
400 McAllister Street
San Francisco CA 94102-4515

CASE NUMBER: *(Número del Caso):*
**CGC-21-594924**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sami Sedghani at Synergist Law P.C. (1 Sansome St Suite 3500, SF, CA 94104) 415-326-3708

DATE:
*(Fecha)* **09/23/2021**

Clerk, by
*(Secretario)* **JACKIE LAPREVOTTE**
, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Sami Sedghani (SBN 280437)<br>One Sansome Street, Suite 3500, San Francisco, CA 94104<br><br>TELEPHONE NO.: 1(415) 326-3708   FAX NO. (Optional):<br>ATTORNEY FOR (Name): Plaintiff L. BARRIOS | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**08/30/2021**<br>**Clerk of the Court**<br>BY: JACKIE LAPREVOTTE<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
L. BARRIOS v. AIRTONOMY, INC. and DOES 1-15

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-21-594924** |
|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $25,000) | [ ] **Limited**<br>(Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Nine
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/30/2021

Sami Sedghani
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[Print this form] [Save this form] [Clear this form]

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 280437 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Sami Sedghani | | |
| FIRM NAME: SYNERGIST LAW, P.C. | | |
| STREET ADDRESS: 1299 Fourt Street Suite 301 | | |
| CITY: San Rafael  STATE: CA  ZIP CODE: 94901 | | |
| TELEPHONE NO.: 415-326-3708  FAX NO. : | | |
| E-MAIL ADDRESS: sami@synergistlaw.com | | |
| ATTORNEY FOR (Name): L. Barrios | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE:    San Francisco, CA 94102
BRANCH NAME:  Civic Center Courthouse

Plaintiff/Petitioner:  L. Barrios
Defendant/Respondent:  Airtonomy INC.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-21-594924 |
|---|---|

TO (insert name of party being served):  Airtonomy INC.

---

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  9-28-2021

Sami Sedghani
_(TYPE OR PRINT NAME)_                                    _(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)_

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of **(to be completed by sender before mailing):**

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):

    Civil Case Cover Sheet, Notice to Plaintiff of Case Management Conference, a copy of the Alternative Dispute Resolution (ADR) Information Package.

**(To be completed by recipient):**

Date this form is signed:  10/18/21

ANDREA W.S. PARIS For Airtonomy Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**     Print this form     Save this form     Clear this form

1   SAMI SEDGHANI (SBN 280437)
    **SYNERGIST LAW P.C.**
2   1299 Fourth Street Suite 301
    San Rafael, CA, 94901
3   T: 415.326.3708
4   sami@synergistlaw.com

5   Attorneys for Plaintiff,
    L. BARRIOS
6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                      **COUNTY OF SAN FRANCISCO**

9   L. BARRIOS, an individual,              Case No.: CGC-21-594924

10                                          (UNLIMITED CIVIL ACTION)
                         Plaintiff,         Assigned to Samuel K. Feng Dept. 610
11          v.
                                            **NOTICE OF CHANGE OF ADDRESS**
12  AIRTONOMY, INC., a North Dakota         **OR OTHER CONTACT**
    Company; and DOES 1-15, inclusive.      **INFORMATION FOR SYNERGIST**
13                                          **LAW**
14                       Defendants.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                     **1**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that as of 9/30/2021, Sami Sedghani of SYNERGIST LAW, attorney for Plaintiff L.Barrios has changed his address for service of notices and documents in the above captioned action. The new address for Mr. Sedghani is as follows below:

SAMI SEDGHANI, SBN 280437
**SYNERGIST LAW, P.C.**
1299 Fourth Street, Suite 301
San Rafael, CA 94901
Tel.: (415) 326-3708
Email: Sami@synergistlaw.com

All notices and documents regarding the action should be sent to the above address. Please update your service list accordingly.

DATED:  September 28, 2021                    **SYNERGIST LAW P.C.**

_____

Sami Sedghani, Esq.,

Attorneys for Plaintiff

**NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION FOR SYNERGIST LAW**

**PROOF OF SERVICE**

I am employed in the State of California.  I am over the age of 18 and not a party to the within action; my business address is 1299 Fourth Street, Suite 301, San Rafael CA 94901.

On September 28, 2021 I served the foregoing document described as:

**NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION FOR SYNERGIST LAW**

on said parties in this action as follows:

**Andrea W. S. Paris**
*Employment | Business Disputes*
Andrea Paris Law, PC
23 Corporate Plaza, Suite 150, Newport Beach, CA 92660
949.529.0007
ap@andreaparislaw.com

Attorney for Defendant Airtonomy Inc.

X       BY ELECTRONIC MAIL: I caused said document(s) to be transmitted to the email address(es) of the addressee(s) designated pursuant to CCP § 1010.6. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 28, 2021, at San Francisco, California.


_____/s/ Sami Sedghani_____
Sami Sedghani

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**   **FEB-02-2022**

**TIME:**   **10:30AM**

**PLACE:**   **Department 610**
               **400 McAllister Street**
               **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

---

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT B

1  Andrea W. S. Paris, Bar No. 252621
     *ap@andreaparislaw.com*
2  ANDREA PARIS LAW, PC
     23 Corporate Plaza, Suite 150
3  Newport Beach, CA 92660
     Telephone:  (949) 529-0007
4  Facsimile:   (888) 751-7660

5  Attorneys for Defendant, AIRTONOMY, INC.

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **COUNTY OF SAN FRANCISCO**

10

11  L. BARRIOS, an individual,          | Case No. CGC-21-594924

12              Plaintiff,               | Assigned to Hon. Samuel K. Feng
                                         | Department 610
13          vs.
                                         | **AIRTONOMY, INC.'S ANSWER TO**
14  AIRTONOMY, INC., a North Dakota      | **PLAINTIFF'S UNVERIFIED**
     Company; and DOES 1-15, inclusive,  | **COMPLAINT**
15
              Defendants.                | Complaint Filed: August 30,2021
16                                        | Trial Date:      None Set

17

18

19        Defendant AIRTONOMY, INC., a North Dakota Company ("Defendant") by and through

20  its attorneys, answers the unverified Complaint of Plaintiff L. BARRIOS ("Plaintiff") as follows:

21                          **<u>GENERAL DENIAL</u>**

22        Pursuant to the provisions of California Code of Civil Procedure, specifically, Section

23  431.30(d), Defendant generally and specifically denies each and every allegation and cause of action

24  of said unverified Complaint.  Additionally, Defendant denies that Plaintiff has been or will be

25  damaged in any sum or sums, at all, by reason of any act or omission on the part of Defendant or

26  any of his past or present agents, representatives, or employees.

27  / / /

28  / / /

―――――――――――――――――――――――――――――――
                          ANSWER

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and distinct affirmative defenses to the Complaint and each of the causes of action alleged as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint and each purported cause of action fails to state facts sufficient to constitute a cause or causes of action against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The Complaint and each purported cause of action is barred in whole or in part by all applicable statutes of limitation including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, 343; California Labor Code Sections 200 *et seq.*; California Business and Professions Code Section 17208; and California Civil Code Section 3426.6.

### THIRD AFFIRMATIVE DEFENSE

#### (Acquiescence/Waiver)

Plaintiff was apprised at all times of the acts allegedly committed by Defendant and knowingly acquiesced, consented to, and authorized those acts.  Thus, by Plaintiff's own conduct, Plaintiff is barred from recovery on the ground that he waived the claims alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

The Complaint, and each purported cause of action is barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiff is estopped by his own actions and conduct from bringing the Complaint and each purported cause of action against Defendant.

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

The Complaint and each purported cause of action is barred, in whole or in part, by Plaintiff's failure to take reasonable steps to avoid or otherwise mitigate the claimed damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Conditions Precedent)**

To the extent there are enforceable agreements as to Defendant, which Defendant denies, Plaintiff was obligated to perform certain conditions in order to enforce any rights thereunder. Plaintiff has failed to perform the conditions as required, thereby discharging Defendant from any obligations thereunder.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff is barred from asserting the claims set forth in the Complaint against this answering Defendant by the doctrine of unclean hands with respect to the matter alleged because this action was commenced without justification and without factual support or legal basis for the allegations contained in the Complaint and has been undertaken and commenced against Defendant for the purpose of harassment and without probable cause. Additionally, Defendant is informed and believes, and on that basis alleges, that Plaintiff engaged in the same conduct he now contends is unlawful.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiff expressly ordered, approved, authorized, participated in, and ratified the actions and transactions complained of and upon which recovery is sought, and are accordingly precluded from recovery herein.

**TENTH AFFIRMATIVE DEFENSE**

**(Defendant's Right to Offset)**

By virtue of the acts, omissions and misrepresentations of Plaintiff, Defendant has incurred damages and expenses, all in amounts to be ascertained and applied as an offset against the claims

of Plaintiff, including an offset for any amounts which Plaintiff is found owing and unpaid to Defendant for wages and commissions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Performance)

The obligations and conditions of Defendant to any agreements between the parties have been satisfied.

## TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Bad Faith)

Defendant is informed and believes, and on that basis alleges, that the Complaint was not brought in good faith and with reasonable causes and therefore the defense costs reasonably incurred by Defendant in defending the Complaint should be reimbursed by Plaintiff pursuant to California Code of Civil Procedure Sections 128.5 and 128.7.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justified/Privileged Conduct)

Defendant's conduct toward Plaintiff was at all times justified and/or privileged under state and federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mistake of Fact)

Plaintiff's alleged contract, the existence of which is denied, if it exists at all is voidable as entered into based on a mistake of fact.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Novation)

Plaintiff engaged in conduct and actions to constitute a novation concerning the obligations, conduct, or acts at issue in the Complaint, barring recovery from Defendant.

/ / /

/ / /

/ / /

/ / /

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Lawful Acts Within the Scope of Employment)**

The Complaint, and each cause of action, is barred because any acts complained of by Plaintiff occurred, if at all, within the scope of Defendant's employment and were reasonably necessary to the performance of his work assignments.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(No Damages or Injury)**

The Complaint, and each cause of action, is barred because none of the acts complained of by Plaintiff caused any damage or injury.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff consented to the acts and events of which he now complains.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

The Complaint, and each cause of action, is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Plaintiff's Deceit and Fraud)**

Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff committed fraud and deceived Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Defendant's Acts or Omissions Were Not a Substantial Factor)**

Defendant's acts and omissions, if any, were not a substantial factor in causing Plaintiff's harm.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(No Damages)**

The Complaint, and each cause of action, is barred because Plaintiff suffered no damages. Plaintiff's damages, if any, are based upon guesswork, speculation, and conjecture.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Apportionment)

Plaintiff's alleged damages were either wholly or partially, either negligently or intentionally, caused by or contributed to by Plaintiff, and Defendant is therefore entitled to apportionment among the parties according to their responsibility for such injuries and damages, if any, sustained by Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Apportionment—Other Parties)

Plaintiff's alleged damages were either wholly or partially, either negligently or intentionally, caused by or contributed to by persons, firms, corporations, or entities other than Defendant, and Defendant is therefore entitled to apportionment among all such parties according to their responsibility for such injuries and damages, if any, existed.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault-Plaintiff)

Plaintiff caused or contributed to the alleged injuries or damages claimed in his Complaint. Any recovery is barred in whole or in part by Plaintiff's own comparative fault, so any award in his favor must be reduced by an amount equal to the percentage of Plaintiff's fault in causing or contributing to his alleged damages.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault-Other Parties)

Persons, firms, corporations, or entities other than Defendant caused or contributed either negligently or intentionally, to the alleged injuries or damages claimed in Plaintiff's Complaint. Any award in Plaintiff's favor must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to Plaintiff's damages.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

### (Several Liability)

Defendant's liability, if any, for non-economic damages claimed by Plaintiff is limited by California Civil Code Sections 1431.1, *et. seq.*

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Performance Excused)

Plaintiff's acts and omissions constitute a breach of contract—if a contract exists—and that Plaintiff's breach excuses any non-performance by Defendant. Defendant further alleges on information and belief that it was excused from performing any contractual duties alleged by Plaintiff by reason of, but not limited to, failure of consideration, lack of consideration, repudiation, waiver, breach of condition precedent, breach of condition subsequent, and impossibility of performance.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Notify)

The Complaint, and each cause of action, is barred by Plaintiff's failure to timely notify Defendant of any alleged breach of contract, if any exists, and by Plaintiff's failure to give Defendant timely opportunity to cure such alleged breaches or inadequacies.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

The Complaint, and each cause of action, is barred by Plaintiff's breach of the implied covenant of good faith and fair dealing with respect to the alleged contract, if any such contract exists, which discharged the very obligations that Plaintiff claims Defendant did not perform.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Speculative Damages)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to any recovery because the alleged damages, if any, are speculative.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

To the extent that Plaintiff's claims seek exemplary and punitive damages, they are barred because Plaintiff failed to raise facts sufficient to support allegations of malice, oppression, or fraud and failed to raise sufficient allegations to comply with the requirements of section 3294 of the California Civil Code.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant acted in good faith and its acts did not violate any laws or regulations or duty owed to Plaintiff.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Knowledge)

Any failure by Defendant to pay any wage due by a certain time was based on a good-faith belief and/or dispute that no additional wages were owed and no penalties are appropriate under any Labor Code or other statutory or regulatory provision.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff did not suffer injury as a result of any alleged violation of Labor Code section 226.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Disproportionate Penalties)

Recovery of penalties is barred to the extent that the accumulation of penalties would be so disproportionate to the harm alleged as to violate due process under the Constitutions of the United States and the State of California.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Breach of Employment Duties)

The Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff's fundamental breach of Plaintiff's duties as an employee, including the duty of loyalty, was so severe as to render his causes of action void under the Faithless Servant Doctrine and related legal principles.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Breach of Statutory Duties)

The Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff breached or did not satisfy Plaintiff's statutory obligations as provided in the California Labor Code, including but not limited to sections 2854, 2856-2859, and 2922.

**FORTIETH AFFIRMATIVE DEFENSE**

**(No Penalties for Wage Statement Violations)**

Penalties related to inaccuracies in the itemized wage statements, if any, provided to Plaintiff are not subject to penalties pursuant to *Maldonado v. Epsilon Plastics, Inc*. (2018) 22 Cal.App.5th 1308.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity of Remedy)**

Plaintiff's claims are barred to the extent he seeks any damages for purported physical, mental, or emotional injuries allegedly suffered as a result of her employment in that the sole and exclusive remedy in this respect is, and was, governed by the California Workers' Compensation Act, California Labor Code sections 3200-4627.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Defendant is informed and believes and thereon alleges that Plaintiff's causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies at all, or with the requisite specificity, under California law, including California Government Code section 12940 et seq., the Equal Employment Opportunity Commission ("EEOC"), 42 U.S.C. section 2000e, et seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")), the Labor and Workforce Development Agency, California Labor Code sections 2698 et seq., and/or any other applicable administrative remedy.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Claims Exceed Scope of Administrative Charge)**

Defendant alleges that the Complaint and each cause of action set forth therein are barred in whole or in part, because assuming arguendo that Plaintiff did attempt to exhaust the administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the EEOC, the causes of action asserted in the Complaint exceed the scope of any potential charged filed with the DFEH and/or the EEOC.

/ / /

### FORTY-FOURTH AFFIRMATIVE DEFENSE

#### (Legitimate Non-Discriminatory/Retaliatory Actions)

Plaintiff is barred from any recovery in this action because all of Defendant's actions toward Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons and/or as a result of business necessity.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Attorneys' Fees)

The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

#### (After Acquired Evidence)

If Plaintiff suffered any loss, damage or detriment as a result of the facts alleged in the Complaint, which Defendant denies, such loss, damage or detriment is limited to or barred by the existence of evidence acquired after Plaintiff's alleged termination that bars or limits remedial relief to which Plaintiff may have been entitled to in the absence of such after-acquired evidence.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Business Necessity/Business Justification)

Defendant's activities undertaken with respect to Plaintiff were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious nor unlawful.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Plaintiff's Employment Was At-Will)

Plaintiff's employment with Defendant was at-will pursuant to California Labor Code section 2922.

### FORTY-NINTH AFFIRMATIVE DEFENSE

#### (Mixed Motive Doctrine)

Plaintiff is precluded from recovery of reinstatement, back pay or damages because of the mixed motive doctrine. (Harris v. City of Santa Monica (2013) 56 Cal.4th 203, 232.)

///

**FIFTIETH AFFIRMATIVE DEFENSE**

**(Same Decision)**

Plaintiff's Complaint is barred in whole, or in part, because Defendant would have made the same decision at the time it made its actual decision. (Labor Code section 1102.6.)

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

**(No Malice, Fraud, Oppression)**

Defendant is informed and believes and thereon alleges that its actions were not willful, malicious, fraudulent, oppressive, intentional, or tortious and Plaintiff's claims are not authorized pursuant to Civil Code section 3294.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

**(Procedural Due Process)**

Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the rights of Defendant to procedural due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California and, therefore, fails to state a cause of action upon which punitive or exemplary damages may be awarded.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

**(Adequate Remedies at Law)**

Plaintiff is not entitled to injunctive and restitution relief pursuant to Business and Professions Code Section 17200 *et seq.*, because Plaintiff has not suffered irreparable injury and Plaintiff has adequate remedies at all, in that Plaintiff also requests monetary damages, interest, and awards of attorney's fees and costs.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

Discovery in this matter may reveal additional basis for an avoidance or affirmative defense. Defendant reserves the right to amend this answer to plead such affirmative defenses should they be discovered.

/ / /

/ / /

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    That Defendant recovers its costs of suit herein, including its reasonable attorney's fees; and

5.    That the court award such other and further relief as it deems appropriate.

DATED:  October 26, 2021              ANDREA PARIS LAW, PC


By:  _____
     Andrea W. S. Paris
     Attorneys for Defendant AIRTONOMY, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Orange, State of California.  My business address is 23 Corporate Plaza, Suite 150, Newport Beach, CA 92660.

On October 26, 2021, I served true copies of the following document(s) described as **AIRTONOMY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

Mr. Sami Sedghani                              E-mail:sami@synergistlaw.com
Synergist Law, P.C.
1299 Fourth Street,
Suite 301
San Rafael, CA 94901

☒      **BY E-FILE SERVICE:** I caused the document(s) to be served on the persons listed above by requesting that One Legal Online Court Services, the Orange County Court's e-file vendor, electronically serve them.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 26, 2021, at Newport Beach, California.

_____
Andrea W. S. Paris

PROOF OF SERVICE



 (/Dashboard)



# Order #17129417: eFiling & eServe

Submitted: 10/26/2021 4:20 PM PT   |   Attorney: Andrea Paris

## Under court clerk review
10/26/2021 4:20 PM PT

**Court Transaction #100145484**

**MESSAGE FROM ONE LEGAL:** The court has received your filing. This status will be updated and you will receive an email immediately upon completion of the court clerk's review. Although court processing times vary, the court filing date for accepted filings will reflect the date this order was submitted.

**MESSAGE FROM THE COURT CLERK:** -

## Documents

### Returned (0)

Documents will be available here once they are provided by the court's system.

### Your Files (1)

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Defendant Airtonomy's Answer | Answer (Original) | 13 | Uploaded |

## eServe Recipients

| Name | Email | Status |
|---|---|---|
| Sami Sedghani | sami@synergistlaw.com | **Viewed - 10/26/2021 4:21 PM PT**<br>Retrieved - 10/26/2021 4:20 PM PT<br>Notification Sent - 10/26/2021 4:20 PM PT |

## Case Information

**Court**
San Francisco County, Superior Court of California (San Francisco-McAllister)

**Number**
CGC-21-594924

**Title**

L. BARRIOS VS. ALLSTATE NORTHBROOK INDEMNITY COMPANY ET AL

**Client Billing Code**

AIR01-01

Confirmation Receipt #25802386

© One Legal LLC

Version: 7.0.20781.157-20211021 | Customer #0077028

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy

(https://www.onelegal.com/privacy/)   |   Terms of service (https://www.onelegal.com/terms/)

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I hereby certify that on October 27, 2021, I electronically filed **DECLARATION OF ANDREA W. S. PARIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following person(s):

Mr. Sami Sedghani
Synergist Law, P.C.
1299 Fourth Street,
Suite 301
San Rafael, CA 94901
E-mail:sami@synergistlaw.com
*Attorneys for Plaintiff L. BARRIOS*

Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court whose direction the service was made.

Executed on October 27, 2021, at Dana Point, California.

_____
Andrea W. S. Paris

CERTIFICATE OF SERVICE